UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| HTC SWEDEN AB,<br><br>Plaintiff,<br><br>v.<br><br>INNOVATECH PRODUCTS AND EQUIPMENT COMPANY,<br><br>Defendant and Third-Party Plaintiff,<br><br>v.<br><br>HAKAN THYSELL, STEN JEANSSON, JOHN R. ABRAHAMSON, HTC, LLC, and HTC, INC.,<br><br>Third-Party Defendants. | ) | No.: 3:07-CV-232 (VARLAN/SHIRLEY) |

**MEMORANDUM OPINION AND ORDER**

This civil matter is before the Court on the Report and Recommendation (the "R&R") entered by United States Magistrate Judge C. Clifford Shirley, Jr. on February 25, 2010 [Doc. 99]. In the R&R, Magistrate Judge Shirley recommended that Innovatech's Supplemental Motion for Change of Venue (28 U.S.C. § 1404) or Alternative Motion to Dismiss for Lack of Personal Jurisdiction (Fed. R. Civ. P. 12(b)(2)) [Doc. 68], filed by defendant and third-party plaintiff Innovatech Products and Equipment Company ("Innovatech"), be denied to the extent it prays for dismissal based upon lack of personal

jurisdiction.[1] Innovatech has filed objections to the R&R [Doc. 103] and plaintiff HTC Sweden AB ("HTC") and third-party defendants Hakan Thysell, Sten Jeansson, John R. Abrahamson, HTC LLC, and HTC, Inc. (collectively, "Third-Party Defendants"), have responded in opposition [Doc. 110] to Innovatech's objections. The Court has carefully reviewed the underlying motions [Docs. 68, 70, 73], the hearing transcript [Doc. 88], the R&R [Doc. 99], Innovatech's objections [Doc. 103], and the response to objections of HTC and the Third-Party Defendants [Doc. 110], all in light of the relevant law. For the reasons set forth below, this Court adopts the recommendation of Magistrate Judge Shirley. Accordingly, the supplemental motion for change of venue or to dismiss for lack of personal jurisdiction is denied to the extent it prays for dismissal based on lack of personal jurisdiction.

## I. Relevant Facts

HTC filed the complaint in this case on June 12, 2007 [Doc. 1]. Paragraph 7 of the complaint contained the following allegation:

> This Court has specific personal jurisdiction over Innovatech because, upon information and belief, it has committed tortious acts in the State of Tennessee and has personal property in the State of Tennessee.

---

[1] While Innovatech's supplemental motion for change of venue or to dismiss based on lack of personal jurisdiction [Doc. 68] contains two arguments, the R&R [Doc. 99] that is the subject of this Memorandum Opinion and Order only pertains to Innovatech's defense based on lack of personal jurisdiction. Magistrate Judge Shirley addressed Innovatech's argument regarding venue in a separate memorandum and order [Doc. 100], denying the motion to the extent it prayed for a change of venue.

[*Id.*, ¶ 7]. The complaint also includes allegations of patent infringement under 35 U.S.C. § 271; infringement of trademarks, false designation of origin, and unfair competition under the Lanham Act, 15 U.S.C. §§ 1051, *et seq.*; copyright infringement; unfair and deceptive trade practices under the Tennessee Consumer Protection Act of 1977, Tenn. Code Ann. §§ 47-18-101, *et seq.*; breach of contract; and improper interference with business prospects.

On July 23, 2007, Innovatech filed its initial responsive pleading, designating it "Answer, Affirmative Defenses, Counterclaims, and Third Party Claims" (hereinafter, the "initial responsive pleading") [Doc. 10]. In this pleading, Innovatech answered the allegations against it, raised more than two dozen affirmative defenses against HTC, raised thirteen counterclaims against HTC, and raised five third-party claims against the Third-Party Defendants, thus bringing them into this litigation. In response to HTC's allegation of specific personal jurisdiction, Innovatech responded with a one word denial [*Id.*, ¶ 7]. Innovatech's affirmative defenses include equitable estoppel, waiver, unclean hands, license, statutes of limitations, illegality, acquiescence, laches, and failure to state a claim upon which relief may be granted, among others [*Id.*, ¶¶ 111–142]. Innovatech did not affirmatively assert the defense of lack of personal jurisdiction beyond its one word denial. Innovatech's counterclaims and third-party claims include breach of contract, interference with contracts, interference with economic expectation, breach of the duty of good faith and fair dealing, misappropriation of trade secrets, restraint of trade, and violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961, *et seq*. Innovatech also alleged that jurisdiction and venue for its third-party claims was proper in this Court [*Id.*, ¶¶ 399-

402]. Finally, Innovatech requested declaratory judgments against HTC and the Third-Party Defendants in relation to a number of intellectual property issues. On September 4, 2007, HTC filed a motion to dismiss counterclaims by Innovatech [Doc. 21]. The parties then filed responsive pleadings pursuant to a briefing schedule set by the Court. On September 30, 2008, the Court entered a memorandum and order [Doc. 33] granting in part and denying in part HTC's motion to dismiss Innovatech's counterclaims. Thereafter, the Court entered a scheduling order, setting this case for trial.

On April 10, 2009, Innovatech filed a motion to change venue [Doc. 41]. HTC and the Third-Party Defendants responded in opposition on April 27, 2009 [Doc. 43], and Innovatech filed a reply on May 7, 2009 [Doc. 45]. In this reply, Innovatech submitted that

> It is the unhappy duty of undersigned counsel to suggest that not only is a change of venue appropriate in this case, but upon analysis of HTC's Reply in Opposition, this Court lacks proper personal jurisdiction over [Innovatech], and . . . a transfer of this case . . . or outright dismissal is mandatory.

[*Id.*, p. 2]. On May 18, 2009, HTC and the Third-Party Defendants filed a motion to strike Innovatech's reply because it did not reply directly to the points and authorities in the answering brief—specifically, Innovatech's argument regarding lack of personal jurisdiction [Doc. 46]. Alternatively, HTC and the Third-Party Defendants requested leave to file a sur-reply [*Id.*]. While the Court denied the request to strike, the Court permitted HTC and the Third-Party Defendants to file a sur-reply addressing Innovatech's personal jurisdiction argument [Doc. 56; Doc. 57]. The parties then filed cross motions for summary judgment.

On November 8, 2009, Innovatech filed a motion to stay summary judgment motions and a motion to compel pending disposition of the motion for change of venue.

On November 17, 2009, Innovatech filed the supplemental motion for change of venue or motion to dismiss for lack of personal jurisdiction, asserting that venue in this district is improper pursuant to 28 U.S.C. § 1404 or, alternatively, this Court lacks personal jurisdiction over Innovatech, pursuant to Federal Rule of Civil Procedure 12(b)(2) [Doc. 68]. HTC and the Third-Party Defendants responded in opposition [Doc. 73]. The motion to change venue and the supplemental motion to change venue and to dismiss for lack of personal jurisdiction were referred to Magistrate Judge Shirley, along with several related motions. *See* 28 U.S.C. § 636(b). Magistrate Judge Shirley held a hearing to address the venue and jurisdictional issues and related motions on January 7, 2010.

On February 25, 2010, Magistrate Judge Shirley entered a memorandum and order denying Innovatech's request to change venue [Doc. 100]. That same day, Magistrate Judge Shirley entered the R&R, recommending that Innovatech's supplemental motion to change venue or dismiss for lack of personal jurisdiction [Doc. 68] be denied to the extent it requests dismissal based on lack of personal jurisdiction [Doc. 99]. Innovatech filed objections to the R&R [Doc. 103], and HTC and the Third-Party Defendants filed a response in opposition [Doc. 110] to Innovatech's objections. The issue is ripe for this Court's determination.

## II. Analysis

This Court must conduct a de novo review of portions of the Magistrate Judge's R&R to which a party objects unless the objections are frivolous, conclusive, or general. *See* 28

U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations" made by the Magistrate Judge. 28 U.S.C. § 636(b)(1).

In the R&R, Magistrate Judge Shirley made two findings. First, that this Court's personal jurisdiction over Innovatech is questionable. Second, that notwithstanding this questionable jurisdiction, Innovatech has waived any objection it might have had to personal jurisdiction due to its conduct in this litigation. In its objections, Innovatech objects only to the second finding. Innovatech asserts that it did not waive the defense of lack of personal jurisdiction because (1) Innovatech properly invoked and preserved the defense in its initial responsive pleading, and because (2) Innovatech has not submitted to this Court's jurisdiction by its litigation activity. In opposition, HTC and the Third-Party Defendants assert that the R&R correctly found that Innovatech had waived the defense because Innovatech's one word denial of personal jurisdiction, combined with Innovatech's delay in asserting the defense and its conduct during this litigation, constitutes waiver. HTC and the Third-Party Defendants also assert that this Court has personal jurisdiction over Innovatech because Innovatech sold and shipped products to Tennessee before and after this litigation commenced, including products relevant to the patent at issue in this litigation. The Court addresses the issue of waiver first, followed by a consideration of this Court's personal jurisdiction over Innovatech.

### A. Waiver of Personal Jurisdiction

Federal Rule of Civil Procedure 12(b)(2) provides for a defense based on "lack of personal jurisdiction." Fed. R. Civ. P. 12(b)(2). This defense can be waived "by failure to assert it seasonably, by formal submission in a cause, or by submission through conduct." *Neirbo Co. v. Bethlehem Shipbuilding Corp.*, 308 U.S. 165, 168 (1939). However, "[n]o defense or objection is waived by joining it with one or more other defenses or objections in a responsive pleading or in a motion." Fed. R. Civ. P. 12(b). Federal Rule of Civil Procedure 12(h)(1) provides that "[a] party waives any defense listed in Rule 12(b)(2)-(5) by . . . failing to either . . . make it by motion under this rule; or include it in a responsive pleading or in an amendment allowed by Rule 15(a)(1) as a matter of course." Fed. R. Civ. P. 12(h)(1).

In this case, Innovatech denied, in its initial responsive pleading, HTC's allegation that this Court had specific personal jurisdiction [*see* Doc. 1, ¶ 7; Doc. 10, ¶ 7]. In this initial responsive pleading, despite raising at least two dozen affirmative defenses, thirteen counterclaims, and five third-party claims, Innovatech did not plead lack of personal jurisdiction as a separate enumerated defense. It was not until Innovatech filed its reply brief to its motion to change venue that it affirmatively asserted the argument that this Court should dismiss this case for lack of personal jurisdiction [*see* Doc. 45, p. 2]. Thus, Innovatech did not file a motion to this end—a motion requesting dismissal based on lack of personal jurisdiction—until almost two years after the filing of the complaint and after

Innovatech had filed its counterclaims and third-party claims and after this Court had already ruled on a number of those counterclaims in resolving HTC's motion to dismiss.

Courts deciding the issue of whether a party has waived the defense of lack of personal jurisdiction have based their decisions upon considerations of the unique facts present in each individual case. Upon this Court's review, the analysis taken by these courts involves balancing several factors rather than a hard and fast rule or a bright line test. Courts finding no waiver of the defense have reasoned that while a defendant may not have technically complied with the dictates of Rule 12(h)(1), a finding in some cases that a defendant had waived its personal jurisdiction defense would elevate "form over substance" and should be avoided. *See, e.g., Phat Fashions, L.L.C. v. Phat Game Athletic Apparel, Inc. ("Phat Fashions")*, No. 00CIV0201 (JSM), 2001 WL 1041990, at *3 (S.D. N.Y. Sept. 7, 2001) (citing 5A Wright & Miller, Federal Practice & Procedure § 1347, at 186 (2d ed. 1990) ("In accordance with the basic philosophy of the federal rules, the substance of party's a defense . . . rather than its form will control the district court's treatment of a Rule 12(b) motion or responsive pleading.")). On the other hand, courts finding waiver of the defense have reasoned that while literal compliance with Rule 12(h)(1) may have been satisfied, a defendant who delays in seasonably asserting the defense, by formal submission or by its conduct, has failed to comply with the spirit of Rule 12(h)(1), that being "to expedite and simplify proceedings in the Federal Courts[.]" *Yeldell v. Tutt*, 913 F.2d 533, 539 (8th Cir. 1990) (quoting 5A Wright & Miller, Federal Practice and Procedure § 1342, at 162 (2d ed. 1990)).

## B. Factors to Consider

The factors considered by courts regarding whether a defendant has waived the defense of lack of personal jurisdiction include whether the defendant denied personal jurisdiction in its answer, how long the defendant waited before filing a Rule 12(b)(2) motion to dismiss, whether the Court and the other parties were aware that the defendant intended to raise the defense, whether the defendant's conduct indicated submission to personal jurisdiction through its pretrial litigation activity—including the filing of counterclaims and third-party claims, the defendant's participation in discovery and in hearings with the court, the filing of dispositive motions on the merits of claims, and whether the case was set for trial or whether it was on appeal.

In *Phat Fashions*, the court found that the defendant had preserved the defense when the defendant denied personal jurisdiction in the answer and asserted it in a motion to dismiss filed thirteen months after the complaint and ten months after the answer. *Phat Fashions*, 2001 WL 1041990, at *3-4. The plaintiff argued that the defendant had waived the defense by engaging in significant pretrial activity, including completion of discovery based on the plaintiff's substantive claims. *Id.* at *3. The court disagreed, noting that the defendant's conduct in this case did not rise to the level of "egregiousness" that other courts have found sufficient to constitute waiver. *Id.* at *4 (citing cases). The court noted that the defendant had communicated to the plaintiff its intent to make a Rule 12(b)(2) motion four months after the filing of the complaint and had directly reiterated this intention several times over the next few months to plaintiff's counsel and during conferences with the court. *Id*. The court

also pointed out that about ten months after the complaint had been filed, the court itself had instructed counsel for the defendant to delay making the Rule 12(b)(2) motion until after the court had heard arguments on another motion. *Id.* Thus, the court concluded, the plaintiff was on notice that the defendant intended to bring its motion to dismiss based on lack of personal jurisdiction and, under these circumstances, the defendant had not "forfeited its personal jurisdiction defense." *Id.*

In *Boss Prods. Corp. v. Tapco Int'l Corp*, No. 00-CV-0689E(M), 2001 WL 135819 (W.D.N.Y. Feb. 16, 2001), the defendant did not explicitly deny the plaintiff's assertion of personal jurisdiction but stated, in its answer, that it '"lack[ed] knowledge or information sufficient to form a belief as to the truth of the plaintiff's personal jurisdiction allegation." *Boss Prod.*, 2001 WL 135819, at *1. Following the defendant's answer, in which the defendant also asserted affirmative defenses and counterclaims, the plaintiff moved to dismiss counterclaims and to strike affirmative defenses, also requesting a ruling that the defendant had waived its defense of lack of personal jurisdiction. *Id.* The court noted that the defendant had never actually asserted the defense, but had stated, in the defendant's response brief to the plaintiff's motion to dismiss, that it had not yet waived any objections to lack of personal jurisdiction and "has yet to make any motions in this action, and [defendant] still has the opportunity to amend its Answer [and] Affirmative Defenses as permitted by Federal Rule 15(a)." *Id.* The court, with relatively little analysis, stated that a finding that the defendant had waived the defense would "elevate form over substance," and the plaintiff was "on notice" by the denial in the defendant's answer that it contested the

plaintiff's assertion of personal jurisdiction. *Id.* Accordingly, the court found that the defendant had not waived the defense. *Id.*[2]

However, in *Plunkett v. Valhalla Inv. Servs., Inc.*, 409 F. Supp. 2d 39 (D. Mass. 2006), the court found that even though the defendant had denied the existence of personal jurisdiction in its answer, the defendant forfeited this defense by its conduct in the litigation. *Plunkett*, 409 F. Supp. 2d at 41-42. Specifically, the *Plunkett* court noted that the defendant had participated in a scheduling conference, conducted discovery, consented to alternative dispute resolution proceedings, entered into a stipulation and protective order with the plaintiff, and moved the court for its out-of-state counsel to appear *pro hac vic*. *Id.* at 42. Noting with approval another court's statement that "it was not solely the length of time but also the conduct of the defending party throughout the litigation that determined whether that party had forfeited its Rule 12 defenses[,]" the *Plunkett* court found that the defendant's conduct manifested abandonment of its defense for lack of personal jurisdiction. *Id.* (citing *Hamilton v. Atlas Turner, Inc.*, 197 F.3d 58, 61 (2nd Cir. 1999) (noting that the time that passes in the case before the defense is asserted "provides the context in which to assess the significance of the defendant's conduct, both the litigation activity that occurred and the opportunities to litigate the jurisdictional issue that were forgone")); *see also Cont'l Bank,*

---

[2] The complaint in *Boss Prods.* was filed in August 2000, with the defendant filing its answer and counterclaims in September 2000. The plaintiff's motion to dismiss, which requested a finding that the defendant had waived its defense of lack of personal jurisdiction, was filed shortly thereafter in October 2000. *See Boss Prods.*, 2001 WL 135819, at *5 (referencing the docket sheet). Thus, the question of waiver was considered by the *Boss Prods.* court relatively soon after the litigation commenced. Prior to the time the plaintiff requested waiver of the personal jurisdiction defense, there were no other dispositive motions filed. *See id.*

*N.A. v. Meyer*, 10 F.3d 1293, 1296-97 (7th Cir. 1993) (finding that the defendant waived their objection to personal jurisdiction, despite raising it in the answer, because the defendants participated extensively in the merits of the lawsuit and did not affirmatively raise the defense for two and a half years).

Similarly, in *Hunger United States Special Hydraulics Cylinders Corp. v. Hardie-Tynes Mfg. Co. ("Hunger")*, No. 99-4042, 2000 WL 147392 (10th Cir. Feb. 4, 2000), the court found that despite denying personal jurisdiction in its answer, the defendant waived the defense by actively participating in the litigation and by seeking affirmative relief from the court, including asserting cross-claims against the plaintiff, engaging in settlement negotiations, stipulating to a dismissal of certain claims, and participating in discovery. *Hunger*, 2000 WL 147392, at *3. And in *Bel-Ray Co. v. Chemrite (Pty) Ltd.*, 181 F.3d 435 (3rd Cir. 1999), despite denying personal jurisdiction in its answer, the defendants sought affirmative relief from the court by moving for summary judgment on the counterclaims the defendants had asserted in response to the plaintiff's complaint, and then waiting until after the court had denied the motion for summary judgment to affirmatively assert the personal jurisdiction defense. *Bel-Ray Co.*, 181 F.3d at 443.

**C. Innovatech and Waiver**

While this case presents a close question, the Court concludes that Innovatech has waived its defense to lack of personal jurisdiction. In so holding, the Court has carefully considered the purposes of the Federal Rules of Civil Procedure and the various factors towards and against a finding of waiver, as discussed by other courts. After due

consideration, the Court agrees with Magistrate Judge Shirley and finds that such factors weigh towards waiver of the defense.

As to the purposes of the Federal Rules, the Court has noted the proposition that the substance of a defense, rather than its form, should control a district court's treatment of a Rule 12(b) motion or responsive pleading. The following factors—Innovatech's one word denial in its initial responsive pleading; its inclusion of more than two dozen affirmative defenses, thirteen counterclaims, five third-party claims; its acknowledgment that it was not until an analysis of HTC and the Third-Party Defendants' response in opposition to the motion to change venue that Innovatech decided to affirmatively assert the defense; and the delay of more than two years in the filing of a motion to dismiss based on lack of personal jurisdiction—do not, in this Court's view, constitute elevating the form of the defense over its substance. Rather, Innovatech seems to have complied with the "form" of asserting a defense and objection under Rule 12(h)(1), but offered virtually no "substance" to the defense until nearly two years after this litigation commenced. The Court also finds that another purpose of the Federal Rules, to expedite and simplify proceedings in the district courts and to conserve judicial time and resources, militates towards a finding that Innovatech waived the defense. *See, e.g., Rauch v. Day & Night Mfg. Corp.*, 576 F.2d 697, 701 (6th Cir. 1978) (noting that Rule 12 is intended to eliminate unnecessary delays at the pleading stage of a case by avoiding piecemeal consideration of pretrial motions); *Peterson v. Highland Music, Inc.*, 140 F.3d 1313, 1319 (9th Cir. 1998) (stating that a court may find

waiver of personal jurisdiction if the defendant has complied with Rule 12 only when there are "other factors militating in favor of a finding of waiver").

The Court has not ignored Innovatech's literal compliance with Rule 12(h)(1). This, however, must be considered along with the lack of any other allegation of fact pertaining to this Court's lack of personal jurisdiction and Innovatech's assertion of a least two dozen affirmative defenses, thirteen counterclaims, and five third-party claims. While assuming that Innovatech had a good-faith basis for initially denying HTC's assertion of personal jurisdiction, the Court must also note that it was more than a year and a half before Innovatech first asserted that "upon [Innovatech's] analysis of HTC's Reply in Opposition," that this Court lacks personal jurisdiction [Doc. 45, p. 2] and more than two years before Innovatech filed its motion to dismiss based on lack of personal jurisdiction [Doc. 68].

Also, in asserting its third-party claims, Innovatech brought the Third-Party Defendants into this litigation and, in doing so, noted that jurisdiction and venue were proper in this Court [*see* Doc. 20, ¶¶ 399-402]. While a party's assertion of counterclaims and third-party claims alone does not constitute waiver of a defense based on lack of personal jurisdiction, *see Procter & Gamble Cellulose Co. v. Viskoza-Loznica*, 33 F. Supp. 2d 644 (W.D. Tenn. 1998), such actions are relevant to an analysis of Innovatech's conduct in this litigation. Further, in a lengthy memorandum opinion and order on the merits of Innovatech's counterclaims, this Court resolved HTC and the Third-Party Defendants' motion to dismiss before Innovatech even articulated its personal jurisdiction argument [*see* Doc. 33]. Moreover, unlike in *Phat Fashions*, this Court was not aware of any intention

on the part of Innovatech, other then the notice it had by way of Innovatech's one word denial in the initial responsive pleading, that Innovatech intended to bring a motion to dismiss based on lack of personal jurisdiction. Nor does it seem that Innovatech made known to HTC and the Third-Party Defendants its intention to affirmatively assert lack of personal jurisdiction at an earlier time in this litigation. Indeed, Innovatech does not seem to dispute that it was not aware of the arguments upon which it would base its defense of lack of personal jurisdiction until a year and a half into this litigation [*see* Doc. 45, p. 2]. Finally, prior to Innovatech's first assertion of the personal jurisdiction argument, this case was set for trial and a scheduling order entered.[3]

In sum, the Court finds the circumstances of this case distinguishable from those of *Phat Fashions* and *Boss Prods.* In these cases, the time between the filing of the complaint and the filing of the answer and the courts' considerations of whether the defendants had waived the defense of personal jurisdiction did not involve the span of time that is presented by the facts of this case. Moreover, in both of these cases, the courts, along with the plaintiffs, were aware or considered the waiver of this defense relatively early in the litigation, as compared to this case. Finally, prior to the defendant's assertion or acknowledgment of the lack of personal jurisdiction defense, the courts in these cases had not issued orders regarding the merits of the claims at issue, as this Court did in its lengthy

[3] The Court also notes that over the course of this litigation the parties have participated in a number of telephone conferences with the Magistrate Judge, been involved in several hearings, filed cross motions for summary judgment, obtained a confidentiality order, have engaged in discovery, and have a trial date set for September 13, 2010.

memorandum opinion and order considering Innovatech's counterclaims against HTC. Accordingly, the Court finds that in this case, despite denying personal jurisdiction in its initial responsive pleading, Innovatech has waived the defense based on its conduct throughout the litigation activity.

**D. Whether this Court Lacks Personal Jurisdiction Over Innovatech**

In the R&R, Magistrate Judge Shirley analyzed four actions HTC and the Third-Party Defendants contend constitute sufficient minimum contacts to allow the exercise of this Court's specific jurisdiction over the "person" of Innovatech: (1) the use of a website; (2) the assignment of a sales agent to Tennessee; (3) the storing of products in Tennessee; and (4) the sales of infringing products in Tennessee [*see* Doc. 99, p. 6; *see also* Doc. 57, pp. 3-4]. After considering these four actions and the submissions and arguments by the parties, the Magistrate Judge concluded that "the minimum contacts demonstrated by HTC are attenuated and the personal jurisdiction of this Court is questionable[.]" [Doc. 99, p. 9]. Innovatech does not object to this finding. HTC and the Third-Party Defendants have also not explicitly objected to this finding, but have submitted that the Magistrate Judge was not able to take into consideration certain evidence relevant to the fourth action. Specifically, HTC and the Third-Party Defendants assert that Innovatech consistently sold and shipped its products to customers in Tennessee both before and after this litigation commenced, including a product relevant to one of the patents at issue [Doc. 112-1, pp. 8-9]. In support of this assertion, HTC and the Third-Party Defendants have filed, under seal due to the confidentiality order entered

in this case, copies of sales invoices issued by Innovatech for delivery of products into Tennessee [*see* Doc. 112-2, pp. 3, 5, 7, 10, 11-13, 137].

In the R&R, the Magistrate Judge identified the Federal Circuit's three-prong minimum contacts test to determine if specific jurisdiction exists. (1) whether the defendant purposefully directed its activities at residents of the forum state; (2) whether the claim arises out of or relates to the defendant's activities in the forum state; and (3) whether the assertion of personal jurisdiction is reasonable and fair. *See Elecs. for Imaging, Inc. v. Coyle*, 340 F.3d 1344, 1350 (Fed. Cir. 2003), *cert. denied*, 540 U.S. 1111 (2004). The plaintiff bears the burden of proving the first two elements; upon such a showing, the defendant must prove that the exercise of personal jurisdiction is unreasonable. *Elecs. for Imaging*, 340 F.3d at 1350. It has been held that even a single contact with a forum state may suffice for specific personal jurisdiction if it is directly and substantially related to the plaintiff's claim. *See Red Wing Shoe Co., Inc. v. Hockerson-Halberstadt, Inc.*, 148 F.3d 1355, 1359-60 (Fed. Cir. 1998); *see also Synthes v. G.M. Dos Reis Jr. Ind. Com. de Equip. Medico*, 563 F.3d 1285, 1297 (Fed. Cir. 2009). The Federal Circuit has also held that the purposeful shipment of accused products into a forum state through an established distribution channel is sufficient to establish specific jurisdiction. *Beverly Hills Fan Co. v. Royal Sovereign Corp.*, 21 F.3d 1558, 1565 (Fed. Cir. 1994), *cert. denied*, 512 U.S. 1273 (1994).

The sale to customers in Tennessee of products covered by a patent at issue in this litigation, would, to this Court, constitute purposeful availment for purposes of HTC's assertion that personal jurisdiction may be exercised over Innovatech in this Court.

However, the Court is hesitant to hold that the copies of sale invoices submitted by HTC and the Third-Party Defendants constitutes the whole story behind such sales, given that Innovatech has not been able to respond to this evidence and because this evidence was submitted by neither party in the hearing held by the Magistrate Judge on this particular issue. To this end, the Court will not overrule Magistrate Judge Shirley's analysis of personal jurisdiction, one resulting in a finding that the minimum contacts demonstrated by HTC were attenuated and the personal jurisdiction of this Court questionable. However, the Court will add to Magistrate Judge Shirley's consideration the additional evidence of Innovatech's sales to customers in Tennessee. The Court finds that this additional evidence results in a greater showing of minimum contacts and provide stronger evidence that this Court may exercise personal jurisdiction over Innovatech.

## III. Conclusion

After a thorough review, the Court is in agreement with Magistrate Judge Shirley's recommendations as stated above. Accordingly, to the extent Innovatech has requested dismissal of this case on the basis of lack of personal jurisdiction over Innovatech [Doc. 68], that request is hereby **DENIED**. The Court **OVERRULES** Innovatech's objections to the R&R [Doc. 103], **ACCEPTS IN WHOLE** the R&R [Doc. 99], and finds that Innovatech has waived its objection to this Court's jurisdiction based on lack of personal jurisdiction.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE